IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Amy Dioen Burch | ) | |
| | ) | Civil No.: 4:12-cv-143-TLW |
| Petitioner, | ) | Criminal No.: 4:11-cr-78-TLW |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Amy Dioen Burch (hereinafter "Petitioner" or "Defendant").

On January 25, 2011, a federal grand jury returned a multi-count indictment against Petitioner and a number of co-defendants. On June 20, 2011, Petitioner pled guilty to Count 1 of the Indictment which charged her with one count of conspiracy to possess with intent to distribute and distribute cocaine base, (commonly known as crack cocaine) with said conspiracy involving 280 grams or more of "Crack" cocaine, in violation of 21 U.S.C. 846. (See Docs. # 1, # 255, & #339). Petitioner was sentenced to 78 months imprisonment on September 20, 2011 with Judgment entered September 29, 2011. (Docs. # 411, 441). No notice of appeal was filed.

Thereafter, on January 13, 2012, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. On February 13, 2012, the Government filed a motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Docs. # 567 & # 568). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed February 13, 2012 that she had thirty-four days to file any material in opposition to the

1

Government's motion. (Doc. # 569). Petitioner filed a response on February 27, 2012 with additional attachments filed on April 4, 2012. (Docs. # 578 & # 589). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 568). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner asserts a number of times in her Petition and other supporting filings that her

"Counsel refuse[d] to file an appeal." Doc. # 528. The Court notes that on the date of sentencing, Petitioner did execute a form indicating that she had been advised of her right to appeal, and that she did not wish to appeal. (Doc. # 421). However, in her Petition she indicates that "counsel encouraged me to sign a form stating I do not want to appeal, which was untruthful, I wanted to appeal." (Doc. # 528). In her response to the Government's motion for summary judgment, Petitioner asserts that "she requested counsel file an appeal, and he coerced her to sign an appeal waiver... ." (Doc. # 578).

In an affidavit submitted by trial counsel and filed with the Court, trial counsel does not specifically respond to the allegations of Petitioner. Instead he generally notes that "Defendant was apprised of her appellate rights and what, if any viable appellate issues there may be for a Defendant in her circumstances."

The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993). This deprivation of the right to appeal entitles Petitioner to relief under 28 U.S.C. § 2255. See id. The Fourth Circuit clarified that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). Thus, the Fourth Circuit concluded that an appeal must be filed when the client so desires, regardless of whether the plea agreement contains an appeal waiver.

When faced with such an allegation from a habeas petitioner, the Court may vacate the judgment of conviction and immediately enter a new judgment from which a direct appeal may be

4

taken. See Holmes v. U.S., 2010 WL 1791256, 2 (D.S.C. 2010) (citing United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993). This action will allow the petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure. The Court notes that this case presents a close question as to whether relief is warranted. However, under these circumstances and based on the written record before the Court, including counsel's affidavit which does not specifically dispute the allegations of Petitioner, this Court concludes it is appropriate to allow Petitioner to file an appeal. A hearing in this matter would not change the outcome of this decision. Therefore, the Court grants the Petitioner relief under 28 U.S.C. § 2255 to the extent that she be allowed to proceed with an appeal.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's motion for relief under 28 U.S.C. § 2255 is **GRANTED IN PART**, specifically, the motion is granted only with respect to Petitioner's claim that her attorney failed to file a notice of appeal on her behalf. Therefore, the Court hereby vacates Petitioner's sentence of conviction and immediately reinstates and reimposes her conviction. The Petitioner shall have 14 days from the filing date of this Order to file a notice of appeal of her original conviction and sentence. The Clerk of Court is directed to refer this case to the Magistrate Judge assigned to it for purposes of appointing an attorney to assist the Petitioner with her appeal. The remainder of Petitioner's claims are **DISMISSED** without prejudice. See United States v. Killian, No. 01-7470, 2001 WL 1635590 at *1 (4th Cir. 2001) (unpublished).

**IT IS SO ORDERED.**

s/Terry L. Wooten
TERRY L. WOOTEN
August 30, 2012 United States District Judge
Florence, South Carolina