UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr No. 4:11-78 |
| vs. | ) | |
| | ) | ORDER |
| Mark Wright | ) | |
| _____ | ) | |

This matter is before the court on defendant's "motion for specific performance," which is best construed as a motion to compel the government to file a Rule 35(b) motion. (Doc. # 712). The government has responded and opposes this request.

Rule 35(b) of the Federal Rules of Criminal Procedure establishes that a court may reduce a sentence to reflect substantial assistance by the defendant upon a motion by the government. It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a government motion only if: 1) the government has obligated itself in a plea agreement to move for a departure, or 2) the government's refusal to move for a departure was based on an unconstitutional motive. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994)(citing Wade v. United States, 504 U.S. 181, 185-86 (1992). A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a preponderance of the evidence according to normal contract principles. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a "substantial threshold showing" that the government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. See United States v. Taylor, 1999 WL 30928 at 3 (4th Cir. January 26,

1999)(unpublished)(requiring a substantial threshold showing on the first factor); <u>Wallace</u>, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

In this case it does not appear that there is an appropriate basis to reduce defendant's sentence at this time. Specifically, the government has not made a motion pursuant to Rule 35(b), nor has defendant presented evidence that the government obligated itself to file such a motion. Additionally, the Court cannot conclude that defendant has made a substantial threshold showing of an unconstitutional motive as required to obtain relief under <u>Wallace</u>. In sum, defendant has provided no basis to compel a reduction of his sentence under Rule 35(b). Accordingly, based on the foregoing reasons, the Court concludes that defendant's request is without merit. (Doc. # 712).

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**CHIEF UNITED STATES DISTRICT JUDGE**

May 10, 2013
Florence, South Carolina