IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marty Ray McManus, ) | Civil Action No. 4:13-113-TLW |
| ) | Cr. No. 4:11-78 |
| Petitioner, ) | |
| vs. ) | |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Marty Ray McManus, (hereinafter "Petitioner" or "Defendant"). On January 25, 2011, a federal grand jury indicted Defendant in a multi-count, multi-defendant indictment charging him in Count 1 with conspiracy to possess with intent to distribute and distribute 280 grams or more crack cocaine, all in violation of 21 U.S.C. § 846. (Doc. # 2). On June 20, 2011, Defendant pled guilty to the lesser included offense of Count 1 of the Indictment. (Docs. # 310 & # 339). On October 3, 2011, Defendant was sentenced to 65 months imprisonment, to be followed by 5 years of supervised release. (Docs. # 457, 488). The Judgment was entered on November 29, 2011. (Doc. # 488). Defendant did not appeal his conviction or sentence.

On January 9, 2013, (over one year after his conviction became final), Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. (Doc. # 693). On April 3, 2013, the Government filed a response in opposition and motion for summary judgment. (Docs. # 727 & #

1

728).[1] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed April 8, 2013 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 729). Petitioner filed a response on May 6, 2013. (Doc. # 740).[2] The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed

---

[1] An affidavit by defense counsel was filed on March 28, 2013 although it is irrelevant to the Court's analysis which dismisses this Petition as untimely. (Doc. # 726).

[2] Petitioner also filed a pro se motion for leave to amend and/or supplement his petition. To the extent that Petitioner asserts any new argument or facts in support of his petition, this motion is granted. The Court has considered all filings by Petitioner. To the extent that the motion suggests the Government did not respond in a timely fashion to the petition pursuant to this Court's Order, the motion is moot as Petitioner's subsequent response file May 6, 2013 indicates that he did receive the Government's summary judgment motion and supporting response.

to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as Petitioner's motion. (Doc. # 728). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and

upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner asserts a number of grounds for relief in his Petition and related filings. The Government has asked that Petitioner's petition be dismissed as time-barred. The Court will initially address the timeliness of Petitioner's Petition.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

After careful review and consideration, the Court concludes that Petitioner's petition is untimely under 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final over one year before he filed the current § 2255 Motion. Again, Petitioner was sentenced on October 3, 2011, and the Judgement was entered on November 29, 2011. Under Fed. R. App. P. 4(b)(1)(A), Petitioner had 14

4

days after the entry of the judgement to file a direct appeal. However, Petitioner did not file an appeal. When a defendant does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006)(unpublished opinion); Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008). Accordingly, pursuant to the rules for computation of time found in Fed. R. Crim. P. 45(a), the judgement of conviction in Petitioner's case became final on or about December 13, 2011, which is also the date the one year limitations period began to run. Thus, under § 2255(f), Petitioner had one year, specifically until December 13, 2012, in which to file his § 2255 Motion. However, Petitioner did not file his § 2255 Motion until January 3, 2013, at the earliest (the date he placed his Motion in the prison mailing system), over a year after his judgement of conviction became final and approximately twenty-one days outside of the applicable statute of limitations. Accordingly, the Court is constrained to concludes that Petitioner's application is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Additionally, the Court does not find that any of the other potential triggering dates set forth in Section 2255(f) apply to this case. Petitioner does not allege any unconstitutional or illegal action by the Government which prevented him from making his § 2255 Motion. He does not assert that his request for relief is based on a right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Neither does he allege, much less establish, any newly discovered facts which would affect the starting date of the limitation period.

Furthermore, Petitioner has made no showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. See Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000). Petitioner has not alleged that the Government engaged in any wrongful conduct that

5

precluded him from filing his § 2255 Motion, nor that any "extraordinary circumstances" beyond his control prevented him from filing his motion within the statute of limitations. Harris, 209 F.3d at 330.

Accordingly, because Petitioner's § 2255 Motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, his Motion is untimely and is **DISMISSED**.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 693) and the Government's motion for summary judgment is **GRANTED** (Doc. # 728). This action is hereby **DISMISSED** as untimely.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
August 7, 2013　　　　　　　　　　　　　　　　　　Chief United States District Judge
Florence, SC